## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

GLOBAL UPSIDE, LLC

    Plaintiff,

v.  IBT GROUP, LLC; and MIYA PUERTO RICO, LLC d/b/a "Miya – Indaqua"

    Defendants.

## PLAINTIFF GLOBAL UPSIDE, LLC'S COMPLAINT & DEMAND FOR JURY TRIAL AS TO MIYA

Plaintiff GLOBAL UPSIDE, LLC ("GU") sues Defendants IBT GROUP, LLC ("IBT")[1]

and MIYA PUERTO RICO, LLC d/b/a "Miya – Indaqua" ("MIYA"), and alleges:

## INTRODUCTION

On June 18, 2018, the Puerto Rico Aqueduct and Sewer Authority ("PRASA") and the

Puerto Rico Public-Private Partnership Authority ("P3") (collectively, the "Sponsors") issued a

solicitation for the provision of a Public Private Partnership to Optimize PRASA'S Metering

Infrastructure and Customer Service Experience (the "Project").  REDACTED

[black redaction bar]

[black redaction bar]

[black redaction bar]  attached hereto as Exhibit A.)

---

[1] REDACTED contains an arbitration provision.  Pursuant to the arbitration provision, GU has initiated an arbitration proceeding against IBT.  IBT is included as a party here **solely out of an abundance of caution for purposes of tolling any applicable statute of limitation**. IBT indicated on August 5, 2020 that it would respond to an arbitration demand.  As such, GU plans to file a Motion to Stay pending arbitration as to IBT, and will confer with IBT to that end. Regardless, **GU reserves, and expressly does not waive, its right to arbitration** REDACTED

GU is a worldwide leading firm specializing in, among other things, human resource and talent acquisition services. REDACTED

REDACTED

REDACTED

REDACTED

[REDACTED]   The aforementioned materials, or versions of the materials, evolved over time [REDACTED] [REDACTED]   GU considers these materials to be unique, valuable, and proprietary.   All of these materials constitute GU's "Proprietary Information."

REDACTED

Through this Complaint, GU seeks monetary and equitable relief from IBT and Miya, as well as recovery of GU's costs and fees.

## PARTIES

1.      GU is a limited liability company formed under the laws of California.  GU's sole member is a citizen of Delaware and California.

2.      IBT is a limited liability company formed under Florida law.  Upon information and belief, no member of IBT is a resident of Delaware or California.

3.     Miya is a limited liability company formed under Puerto Rico law.   Upon information and belief, no member of Miya is a resident of Delaware or California.

## JURISDICTION AND VENUE

4.     Subject matter jurisdiction is proper under 28 U.S.C. §§ 1331, 1332, and 1367.

5.     This Court has original jurisdiction over GU's causes of action for misappropriation of trade secrets under the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836.

6.     This Court has supplemental jurisdiction over IBT's other causes of action arising under state law pursuant to 28 U.S.C. § 1367 because those claims are so closely related to GU's DTSA claims that they form part of the same case or controversy under Article III of the United States Constitution.

7.     Moreover, complete diversity exists pursuant to 28 U.S.C. §1332 (a)(1).

8.     GU seeks relief in excess of $75,000, exclusive of interests and costs.  28 U.S.C. § 1332 (a).

9.     Personal jurisdiction exists over IBT since it is headquartered in Miami-Dade County, Florida, is registered to do business in Florida, and regularly conducts business in Florida.

10.     Personal jurisdiction exists over Miya because Miya purposefully and systematically directed its efforts relating to the Project, with regard to IBT and GU, to the state of Florida.

11.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 (b)(2) and (b)(3) because a substantial part of the events or omissions giving rise to GU's claims occurred in this judicial district, and because IBT and Miya are subject to personal jurisdiction in this judicial district.

**<u>FACTS</u>**

12.     In June 2018, the Sponsors issued a solicitation for the provision of a Public Private Partnership to Optimize PRASA's Metering Infrastructure and Customer Service Experience, *available at* http://www.p3.pr.gov/assets/rfq-prasa-june-2018.pdf (the "RFQ").   The winning proposal would acquire the 15-year "Project Contract" with the Sponsors.

13.     GU is a worldwide, leading firm specializing in, among other things, human resource and talent acquisition services.  REDACTED

REDACTED

REDACTED

REDACTED

REDACTED  REDACTED  Given GU's expertise with these functions, REDACTED

REDACTED (Ex. A).  REDACTED

REDACTED

REDACTED (Ex. A, § 5(b)).

REDACTED

(Ex. A, § 5(g)).  REDACTED

REDACTED

(Ex. A, § 5(e)).

15.     REDACTED

REDACTED

REDACTED

REDACTED

**Parties' Obligations**

16.   REDACTED

REDACTED , in pertinent part:





(Ex. A, § 1(a)–(e)). REDACTED

(Ex. A, § 1(d)), REDACTED

(Ex. A, § 1(e)). REDACTED

(Ex. A, § 1(e)).

17.   REDACTED



(Ex. A, § 3(b)(1)–(6)).

18.   



(Ex. A, § 3(a)(1)–(5)).

19. REDACTED

(Ex. A, § 3(c)(9)).

20. REDACTED



(Ex. A, § 3(a)(1) – (5)).

**Proprietary Information**

21.     As set forth above, REDACTED





(Ex. A, § 4).

22.   REDACTED



(Ex. A, § 6).



25. REDACTED

26. REDACTED

27. REDACTED

28. REDACTED

(*See generally* Ex. A).

29. REDACTED



(Ex. B.) REDACTED

REDACTED:



(Ex. B).

    30.   REDACTED

REDACTED





(Ex. E).



33.   REDACTED

34.   REDACTED

REDACTED

35.   REDACTED

:



(Ex. G).   REDACTED

36.   REDACTED

REDACTED

████████████████ (Ex. A, § 6(b)).

37.    REDACTED

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

████████████████ (Ex. __, § 3(a)(3) (emphasis added)).

**COUNT ONE**
**Breach of Contract – REDACTED**
**(Against Defendant IBT)**

38.    GU re-alleges and incorporates by reference herein Paragraphs 1–37 as if fully set forth herein.

39.    REDACTED

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

████ (Ex. A, § 5(b)).

40.    At all times, REDACTED

41.    REDACTED

█████████████████████████████████████████████

**REDACTED**

(Ex. A, § 2(e)).

42.   **REDACTED**

43.   **REDACTED**

**COUNT TWO**
Breach of Contract – **REDACTED**
**(Against Defendant IBT)**

44.   GU re-alleges and incorporates by reference herein Paragraphs 1–37 as if fully set forth herein.

45.   **REDACTED**

(Ex. A, § 5(g)).

46.   **REDACTED**

47.   Further, as a result of **REDACTED**

, GU has suffered substantial damages.

**COUNT THREE**
Breach of Contract – **REDACTED**
**(Against Defendant IBT)**

48.   GU re-alleges and incorporates by reference herein Paragraphs 1–37 as if fully set forth herein.

49.   **REDACTED**


REDACTED

(Ex. A, § 4(a)(1)).

50.   REDACTED

51.   REDACTED

52.   As a result of REDACTED

GU has suffered substantial damages.

**COUNT FOUR**
**Breach of Contract –** REDACTED
REDACTED
**(Against Defendant IBT)**

53.   GU re-alleges and incorporates by reference herein Paragraphs 1–37 as if fully set forth herein.

54.   REDACTED

(Ex. A, §1(b)–(c)).   REDACTED

(Ex. A, § 3(a)(3)).

55.   REDACTED

REDACTED (Ex. A, § 1(e)). REDACTED

(Ex. A, § 1(d)).

56.    REDACTED

(Ex. A, § 3(c)(9)).

57.    REDACTED

58.    As a result of REDACTED

GU has suffered substantial damages.

**COUNT FIVE**
**REDACTED Indemnification**
**(Against Defendant IBT)**

59.    GU re-alleges and incorporates by reference herein Paragraphs 1–37 as if fully set

forth herein.

60.    REDACTED

(Ex. A, § 5(i)).

61.    REDACTED

a. REDACTED

b. REDACTED

62.     Accordingly, GU is entitled to REDACTED indemnification in light of REDACTED .

## COUNT SIX
### Breach of Implied Covenant of Good Faith and Fair Dealing
### (Against Defendant IBT)

63.     GU re-alleges and incorporates by reference herein Paragraphs 1–37 as if fully set forth herein.

64.     IBT owes GU an implied duty of good faith and fair dealing REDACTED . As such, IBT is obligated to follow standards of good faith and fair dealing designed to protect GU's reasonable contractual expectations.

65.     REDACTED

66.     Specifically, IBT breached the covenant of good faith and fair dealing in the following ways:

a. REDACTED

b. REDACTED

c. REDACTED

d. REDACTED

e. REDACTED

f. REDACTED

67. GU has been damaged as a direct result of IBT's wrongful conduct and the resulting breach of the implied duty of good faith and fair dealing.

**COUNT SEVEN**
**Promissory Estoppel**
**(Against Defendant IBT)**

68.     GU re-alleges and incorporates by reference herein Paragraphs 1–37 as if fully set forth herein.

69.     Alternatively, REDACTED

REDACTED

70.     REDACTED

71.     GU has been damaged due to IBT's misrepresentations.

**COUNT EIGHT**
**Unjust Enrichment**
**(Against Defendants IBT and Miya)**

72.     GU re-alleges and incorporates by reference herein Paragraphs 1–37 as if fully set forth herein.

73.     Pleading alternatively only as to IBT here, GU conferred benefits upon IBT and Miya in their pursuit of REDACTED, either directly or indirectly.  GU provided REDACTED, and expended tremendous resources and costs REDACTED

IBT and Miya, REDACTED had knowledge of the benefit they

received, and have retained the benefit.

74.    I REDACTED

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED] it would be inequitable for IBT to retain the benefits without paying

fair value for them.

**COUNT NINE**
**Constructive Trust**
**(Against Defendant IBT)**

75.    GU re-alleges and incorporates by reference herein Paragraphs 1–37 as if fully set

forth herein.

76.    REDACTED

[REDACTED]

[REDACTED]

77.    REDACTED

[REDACTED]

[REDACTED]

[REDACTED]

78.    REDACTED

[REDACTED]

[REDACTED]

a. REDACTED

b. REDACTED

c. REDACTED

79. REDACTED

it would be inequitable for IBT to retain the benefits.

80. As such, GU respectfully requests a decree imposing a constructive trust over GU's property provided to IBT.

## COUNT TEN
**Fraudulent Inducement and Misrepresentation**
**(Against Defendant IBT)**

81. GU re-alleges and incorporates by reference herein Paragraphs 1–37 as if fully set forth herein.

82.     Beginning in August 2018 and on occasions thereafter, **REDACTED**

███████████████████████████████████████████████████ At the time of the

misrepresentations, IBT knew either that it would not **REDACTED**

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████

83.     This misrepresentation was material to GU, and IBT made the misrepresentation to

**REDACTED**

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████ In reasonable and justifiable reliance on this misrepresentation, GU

**REDACTED**

███████████████████████████████████████████████████

███████████████████████████████████████████

84.     IBT made further misrepresentations to GU on August 13, 2019 **REDACTED**

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████ In reasonable

and justifiable reliance on IBT's statements, **REDACTED**

███████████████████████████████████████████

85.     IBT also represented to GU that it REDACTED



86.     This misrepresentation was material to GU, REDACTED

In reasonable and justifiable reliance on this misrepresentation, GU REDACTED

87.     Evidencing IBT's fraudulent intent with regard to all the foregoing misrepresentations, IBT REDACTED

88.     IBT actively concealed the aforementioned misrepresentations from GU.

89.     As a direct result of GU's justifiable and reasonable reliance on IBT's misrepresentations, GU suffered substantial damages.

## COUNT ELEVEN
### Aiding and Abetting Fraud
### (Against Defendant Miya)

90.     GU re-alleges and incorporates by reference herein Paragraphs 1–37 and 82–89 as if fully set forth herein.

91.     As set forth herein, IBT's material misrepresentations to GU constitute fraud.

92.     Miya had knowledge of the fraud and provided substantial assistance to IBT to advance commission of the fraud.

93.     REDACTED

94.     As a direct and proximate cause of Miya's aiding and abetting IBT in its fraud, GU has suffered significant damages in an amount to be proven at trial.

## COUNT TWELVE
### Tortious Interference with Contract
### (Against Defendant Miya)

95.     GU re-alleges and incorporates by reference herein Paragraphs 1–37 as if fully set forth herein.

96.     REDACTED

97.     REDACTED

98.     Miya intentionally, and without justification, REDACTED

99.     Miya intentionally, and without justification, REDACTED

100.    Miya actively concealed its aforementioned conduct from GU.

101.    As a proximate result of Miya's interference, GU suffered damages.

**COUNT THIRTEEN**
**Violation of Florida's Deceptive and Unfair Trade Practices Act**
**(Against Defendants IBT and Miya)**

102.     GU re-alleges and incorporates by reference herein Paragraphs 1 – 37 as if fully set forth herein.

103.     This is a claim for violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. §§ 501.201–501.2101.

104.     FDUTPA provides that unfair methods of competition, unconscionable acts and practices, and unfair or deceptive acts or practices in the conduct of "any trade or commerce" are unlawful.  Fla. Stat. § 501.24.

105.     IBT's and Miya's conduct as alleged herein occurred in trade and/or commerce.

106.     IBT and/or Miya misled GU, otherwise offended public policy, and acted immorally, unethically, oppressively, unscrupulously, and substantially injurious toward GU in the following ways:

a.     REDACTED

b.     REDACTED

c. 

d. REDACTED

107.    GU suffered actual damages as a result of Defendants' deceptive, unfair, and oppressive conduct described above pursuant to Fla. Stat. § 501.211(1) including, but not limited to, REDACTED

**COUNT FOURTEEN**
**Misappropriation of Trade Secrets**
**Violation of 18 U.S.C. § 1836(b)**
**(Against Defendants IBT and Miya)**

108.    GU re-alleges and incorporates by reference herein Paragraphs 1 – 37 as if fully set forth herein.

109.    GU's Proprietary Information, which constitutes trade secrets, is related to services used and intended to be used in interstate commerce.  GU, based in California, transmitted its trade secrets to IBT in Florida for use REDACTED involving Puerto Rico entities.

110.    GU is the sole owner of its Proprietary Information which comprises the method, process, business plan, procedure, technique, and costs associated with the REDACTED

111.    GU took reasonable steps to maintain the secrecy of its Proprietary Information. Indeed, the REDACTED ███████████████████████████████████████████ ███████████████████████████████████████████

112.    GU's Proprietary Information derives independent economic value, actual or potential, from not being generally known or ascertained through proper means.  To that end, the purpose of the REDACTED ██████████████████████████████████████ ███████████████████████████████████████████ ███████████████

113.    Both IBT and Miya acquired knowledge of GU's Proprietary Information under circumstances giving rise to a duty to maintain the secrecy of the Proprietary Information and to limit the use or disclosure of the Proprietary Information, or knew or had reason to know that it was derived from or through a person who owed a duty to GU to maintain is secrecy or limit its use.

114.    IBT intentionally misappropriated the Proprietary Information by its improper use and disclosure of GU's Proprietary Information to third parties.  Miya intentionally misappropriated the Proprietary Information by improperly obtaining, using, and disclosing GU's Proprietary Information to third parties.

115.    Even more, IBT misrepresented to GU that IBT would protect GU's Proprietary Information REDACTED ██████████████████; however, IBT never intended to abide by ██ ███████████████████████████████ Instead, REDACTED ████████ ███████████████████████████████████

116.    IBT's and Miya's conduct was willful and malicious.

117.     As a direct result of IBT's and Miya's misappropriation of GU's Proprietary Information, GU has suffered and continues to suffer significant damages in an amount to be proven at trial.

### COUNT FIFTEEN
**Misappropriation of Trade Secrets**
**Violation of Fla. Stat. Ch. 688**
**(Against Defendants IBT and Miya)**

118.     GU re-alleges and incorporates by reference herein Paragraphs 1–37 as if fully set forth herein.

119.     GU is the sole owner of its Proprietary Information which comprises the method, process, business plan, procedure, technique, and costs associated with the HR Services.

120.     GU took reasonable steps to maintain the secrecy of its Proprietary Information.

REDACTED

REDACTED GU disclosed its Proprietary Information to IBT pursuant to these Provisions.

121.     GU's Proprietary Information derives independent economic value, actual or potential, from not being generally known or ascertained through proper means.  REDACTED

122.     Both IBT and Miya acquired knowledge of GU's Proprietary Information under circumstances giving rise to a duty to maintain the secrecy of the Proprietary Information and to limit the use or disclosure of the Proprietary Information, or knew or had reason to know that it was derived from or through a person who owed a duty to GU to maintain is secrecy or limit its use.

123.    IBT intentionally misappropriated the Proprietary Information by its improper use and disclosure of GU's Proprietary Information to third parties.   Miya intentionally misappropriated the Proprietary Information by improperly obtaining, using, and disclosing GU's Proprietary Information to third parties.

124.    Even more, IBT misrepresented to GU that IBT would protect GU's Proprietary Information REDACTED however, REDACTED Instead, REDACTED

125.    IBT's and Miya's conduct was willful and malicious.

126.    As a direct result of IBT's and Miya's misappropriation of GU's Proprietary Information, GU has suffered and continues to suffer significant damages in an amount to be proven at trial.

**COUNT SIXTEEN**
**Specific Performance (Proprietary Information)**
**(Against Defendant IBT)**

127.    GU re-alleges and incorporates by reference herein Paragraphs 1–37 and 50–53 as if fully set forth herein.

128.    Section 7(d) REDACTED



129.    As set forth in Counts Three, Thirteen, and Fourteen, IBT breached REDACTED

**COUNT SEVENTEEN**
**Civil Conspiracy**
**(Against Defendants IBT and Miya)**

130.    GU re-alleges and incorporates by reference herein Paragraphs 1–37 as if fully set forth herein.

131.    IBT and Miya formed an exclusive joint venture, and in furtherance of their conspiracy, IBT and Miya undertook the following unlawful acts:

a.    REDACTED

b.    REDACTED

c.    REDACTED

d.    REDACTED

132.    REDACTED

**REDACTED**

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment in its favor granting the following relief:

1.    Compensatory and/or actual damages;

2.    Compensatory and punitive damages for IBT's fraud, and Miya's aiding and abetting thereof, to the fullest extent provided by law;

3.    Compensatory damages for actual loss caused by Defendants' misappropriation of GU's Proprietary Information to the fullest extent permitted by law;

4.    Indemnification pursuant to **REDACTED**

5.    A decree of specific performance pursuant to **REDACTED**

6.    A decree imposing a constructive trust over GU's property provided to IBT.

7.    Exemplary damages for Defendants' willful and malicious misappropriation of GU's Proprietary Information to the fullest extent permitted by law;

8.    Disgorgement of Defendants' profits to the fullest extent permitted by law;

9.    GU's reasonable fees and costs pursuant to **REDACTED** or otherwise permitted by law; and

10.    Pre-judgment and post-judgment interest.

## GU DEMANDS TRIAL BY JURY AS TO ITS CLAIMS AGAINST MIYA

## GU RESERVES ITS RIGHT TO DEMAND A JURY TRIAL AGAINST IBT IN THE EVENT GU'S CLAIMS AGAINST IBT DO NOT PROCEED IN ARBITRATION

Dated: August 6, 2020

Respectfully submitted,

Ramón A. Abadin (Fla. Bar No. 707988)
**Ramón A. Abadin, P.A.**
232 Andalusia Ave, Suite 200
Coral Gables, FL 33134
T: (305) 768-9839
E: rabadin@abadinlaw.com


Thomas W. Thagard III (*pro hac vice pending*)
J. Ethan McDaniel (*pro hac vice pending*)
**Maynard, Cooper & Gale, P.C.**
1901 Sixth Avenue North, Ste. 1700
Birmingham, Alabama 35203-2618
T: (205) 254-1000
F: (205) 254-1999
E: tthagard@maynardcooper.com
E: emcdaniel@maynardcooper.com


*Attorneys for Plaintiff Global Upside, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all counsel of record on the Service List below either via the CM/ECF system which will send electronic notification to counsel, or via U.S. Mail, postage pre-paid, on this the 6th day of August, 2020.



OF COUNSEL

### SERVICE LIST

J. Ethan McDaniel
  emcdaniel@maynardcooper.com
Thomas W. Thagard III
  tthagard@maynardcooper.com
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North, Suite 2400
Birmingham, AL 35203
Telephone: (205) 254-1000
Facsimile: (205) 254-1999

Ramón A. Abadin (Fla. Bar No. 707988)
  rabadin@abadinlaw.com
Ramón A. Abadin, P.A.
2333 Ponce de Leon Blvd.
BAC Colonnade Office Tower, Suite 314
Coral Gables, FL 33134
Telephone: (305) 768-9839

*Attorneys for Plaintiff Global Upside, LLC*

**SERVED VIA CERTIFIED U.S. MAIL:**

IBT GROUP, LLC
1200 Brickell Ave.
Suite 1700
Miami, FL 33131

MIYA PUERTO RICO, LLC
d/b/a "Miya – Indaqua"
c/o Registered Agent
Jelka L. Duchesne Sanabria
252 Ave Ponce de Leon
Citibank Tower Piso 12
San Juan, PR 00918